In the Matter of JOEL S. ROSE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 15, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus* for Petitioner.

### OPINION OF THE COURT

Per Curiam.

On March 23, 1990, in the Superior Court of the State of

Washington for the County of Pierce, the respondent was found guilty, upon a jury verdict, of rape in the second degree, in violation of Revised Code of Washington § 9A.44.050 (1) (b), a felony, and indecent liberties, in violation of Revised Code of Washington § 9A.44.100 (1) (b). The respondent was sentenced on May 1, 1990, to concurrent terms of imprisonment of 60 and 20 months, respectively.

We find that the Washington felony of rape in the second degree is essentially similar to New York Penal Law § 130.35, defining rape in the first degree, a class B felony.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and RITTER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Joel S. Rose, admitted under the name Joel Stephen Rose, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Joel S. Rose is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.